UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

CASE NO.: _____                2:25-cv-02518-DCN

SHARON KAY JACKSON and
PLAINTIFFS, Class, 1-1,000,000,

    Plaintiff,

vs.

AFFINITY INSURANCE SERVICES,
INC., COSTCO WHOLESALE
CORPORATION and CARNIVAL
CORPORATION & PLC,

    Defendant.
_____/

## DEFENDANT'S NOTICE OF REMOVAL

Defendant Carnival Corporation, (improperly named as Carnival Corporation & PLC) (hereinafter "Carnival" or "Defendant"), by and through undersigned counsel, hereby files this Notice of Removal of this action from the Court of Common Pleas of the 9th Judicial Circuit in and for Charleston County, South Carolina to the United States District Court for the District of South Carolina, Charleston Division, the district and division in which the 9th Judicial Circuit is located. This Notice of Removal is filed pursuant to 28 U.S.C. §§1441, 1446, and 1332(a). In support hereof, Carnival respectfully shows:

    1.    On February 13, 2025, Sharon Kay Jackson ("Plaintiff") commenced an action against Defendants, Carnival, Affinity Insurance Services, Inc. ("Affinity"), and Costco Wholesale Corporation ("Costco") (collectively "Defendants") in the Court of Common Pleas 9th Judicial Circuit in and for Charleston County, South Carolina, entitled *Sharon Kay Jackson and Plaintiffs, Class 1-1,000,000 v. Affinity Infinity Insurance Services, Inc., Costco Wholesale*

*Corporation and Carnival Corporation & PLC*, pending as Case No. 2025CP1000813 (the "State Court Case"). *See* **Exhibit "A."**

2.   On February 21 2025, Carnival's registered agent was served with the Summons and Complaint in the State Court Case. As such, removal is timely because thirty days have not elapsed since Carnival first received Plaintiff's Complaint, as required by 28 U.S.C. §1446(b).

3.   Defendant Affinity consents to removal of the lawsuit.

4.   Defendant Costco consents to removal of the lawsuit.

5.   A copy of this Notice of Removal will be filed with the Court of Common Pleas 9th Judicial Circuit in and for Charleston County, South Carolina pursuant to 28 U.S.C. §1446(d), and a copy of this Notice of Removal will also be served on Plaintiff and Co-Defendants.

## Basis for Removal: Diversity

6.   This Court has original jurisdiction over this case pursuant to 28 U.S.C. §1332, in that this is a civil action where the matter in controversy exceeds $75,000, and is between citizens of different States.

### A.   The amount in controversy exceeds the federal minimum jurisdictional requirements.

7.   Plaintiff's Complaint in the State Court Case asserts that she was injured while leaving Carnival's ship when she tripped on a folding sign. *See* Ex. A, Compl. at ¶10. In her Complaint, Plaintiff alleges she suffered damages including fractured arms, severe contusions and lacerations on the left side of her face, fractured left wrist and other injuries to her right knee, right arm and torso. *See Id*. at ¶11. Further, Plaintiff alleges she had a Travel Insurance Policy with Affinity and she sent a demand letter Affinity for the limits of the Travel Insurance Policy. *See Id*. at ¶¶9, 14. The Complaint alleges the Travel Insurance Policy is attached to the

Complaint as Exhibit A; however, the Complaint does not include any attachments. *Id.* at ¶ 9. Plaintiff alleges Affinity refused to "tender the limits under Travel Insurance Policy and other Policies" and that Plaintiff instead received two checks from Affinity in the amount of $370.65 and $648.64. *See Id.* at ¶¶17-20.

8. Plaintiff also alleges:

> Defendants, acting in concert with one another, sold same or similar policies to Plaintiff Class 1-1,000,000 by making similar misrepresentations, then similarly utilizing the provisions of the Travel Policy to shield Defendants from their own liability after the party is damaged from Defendant Carnival's negligence.

*See* Ex. A, Compl. at ¶21.

9. Plaintiff's Complaint includes counts for Negligence against Carnival and Breach of Contract, Bad Faith, Negligent Misrepresentation, Fraud, Punitive Damages, Fraud in the Inducement, Breach of Contract Accompanied by a Fraudulent Act and Civil Conspiracy Against All Defendants. *See* Ex. A, Compl. In addition to the Travel Insurance Policy Proceeds, Plaintiff also seeks recovery of attorney's fees, treble damages, presumed damages, emotional distress, Consequential damage and damages otherwise allowable by law." *Id.* at ¶ 2(a)-(g).

10. On March 11, 2025, Plaintiff's counsel emailed a demand in the amount of $1 million and provided medical bills exceeding $120,000 for alleged injuries reportedly caused by the alleged trip and fall in support of the demand.

11. Accordingly, while Carnival denies that it owes Plaintiff anything, the amount in dispute exceeds $75,000, exclusive of interest and costs.

**B.     There is complete diversity between Plaintiff and Defendants.**

12. Plaintiff is a citizen of the State of South Carolina. *See* Ex. A, Compl. at ¶1.

13. Under the diversity statute, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." *See* 28 U.S.C. §1332(c)(1).

14. According to the South Carolina Secretary of State Business Entities Online, Defendant Costco is incorporated and maintains its principal place of business in Washington. Accordingly, Costco is a citizen of the State of Washington for purposes of determining diversity jurisdiction.

15. Per the South Carolina Secretary of State Business Entities Online Defendant Carnival, which was improperly named Carnival Corporation & PLC, is a corporation organized under the laws of Panama, with its principal place of business in Florida. Accordingly, Carnival is a citizen of the State of Florida for purposes of determining diversity jurisdiction.

16. Per the South Carolina Secretary of State Business Entities Online, Defendant Affinity is a corporation organized under the laws of Pennsylvania, with its principal place of business in Pennsylvania. Accordingly, Affinity is a citizen of the State of Pennsylvania for purposes of determining diversity jurisdiction

17. Complete diversity exists in this case and removal is proper because Plaintiff is a citizen of South Carolina, Defendant Costco is a citizen of Washington, Defendant Affinity is a Citizen of Pennsylvania and Defendant Carnival is a citizen of Florida.

WHEREFORE, Defendant Carnival Corporation prays that the above-described action now pending in the Court of Common Pleas of the 9th Judicial Circuit in and for Charleston County, Florida, be removed to this Court.

        Respectfully submitted,

        */s/ W. James Flynn*
        W. James Flynn
        South Carolina Bar. No. 15830

>       **CHARTWELL LAW**
>       4000 S. Faber Place Drive
>       Charleston, South Carolina 29405
>       Telephone (704) 313-6645
>       jflynn@chartwelllaw.com
>       *Attorney for Defendant Carnival*

## CERTIFICATE OF SERVICE

      This is to certify that a true and correct copy of the above and foregoing instrument is being served upon counsel for Plaintiff in accordance with the Federal Rules of Civil Procedure and the Court's CM/ECF System, on this 24th day of March, 2025.

>       */s/ W. James Flynn*
>       W. James Flynn