ELECTRONICALLY FILED - 2025 Feb 13 2:22 PM - CHARLESTON - COMMON PLEAS - CASE#2025CP1000813

| | |
|---|---|
| STATE OF SOUTH CAROLINA<br><br>COUNTY OF CHARLESTON<br><br>SHARON KAY JACKSON and PLAINTIFFS, Class, 1-1,000,000,<br><br>Plaintiff,<br><br>vs.<br><br>AON AFFINITY, COSTCO WHOLESALE CORPORATION and CARNIVAL CORPORATION & PLC,<br><br>Defendants. | IN THE COURT OF COMMON PLEAS<br>NINTH JUDICIAL CIRCUIT<br><br>Case No. 2025-CP-10-_____<br><br><br>**SUMMONS** |

TO THE ABOVE-NAMED DEFENDANTS:

YOU ARE HEREBY SUMMONED and required to answer the Complaint herein, a copy of which is herewith served upon you, and to serve a copy of your Answer to the Complaint upon the subscriber, Jason S. Stevens, at his office at 260 West Coleman Blvd., Ste. D, Mt. Pleasant, South Carolina 29464, within thirty (30) days of the service hereof, exclusive of the day of such service.

YOU ARE HEREBY GIVEN NOTICE FURTHER that, if you fail to answer the Complaint as required by this Summons within thirty (30) days after the service hereof, judgment by default will be rendered against you for the relief demanded in the Complaint.

By: *s/Jason S. Stevens*
Jason S. Stevens
260 West Coleman Blvd., Ste. D
Mt. Pleasant, South Carolina 29464
jason@jsstevenslaw.com
(p)(843)789-3620
(f)(843)414-7240

February 13, 2025
Mt. Pleasant, South Carolina

ELECTRONICALLY FILED - 2025 Feb 13 2:22 PM - CHARLESTON - COMMON PLEAS - CASE#2025CP1000813

| | |
|---|---|
| STATE OF SOUTH CAROLINA<br><br>COUNTY OF CHARLESTON<br><br>SHARON KAY JACKSON and PLAINTIFFS, Class, 1-1,000,000,<br><br>　　　　　　　Plaintiff,<br><br>vs.<br><br>AFFINITY INSURANCE SERVICES, INC., COSTCO WHOLESALE CORPORATION and CARNIVAL CORPORATION & PLC,<br><br>　　　　　　　Defendants. | IN THE COURT OF COMMON PLEAS<br>NINTH JUDICIAL CIRCUIT<br><br>Case No. 2025-CP-10-_____<br><br><br>**COMPLAINT**<br>(Jury Trial Demanded) |

TO THE ABOVE-NAMED DEFENDANTS:

Plaintiff, by and through his undersigned counsel, hereby:

1. This matter arises out of injuries sustained by Plaintiff, Sharon Kay Jackson (hereinafter referred to as "Plaintiff"), a South Carolina resident, during her cruise vacation through the negligent conduct of Defendants, and the fraudulent inducement of Plaintiff, and Plaintiff's, Class, 1-1,000,000 (hereinafter referred to as "Defendant Class"), by Defendants to procure Plaintiff's and Plaintiff Class's purchase of travel insurance (hereinafter referred to as "the Policy") in South Carolina, as well as the subsequent bad faith refusal to pay Plaintiff's benefits pursuant to the terms of the Policy issued.

2. Defendant Affinity Insurance Services, Inc. (hereinafter referred to as "Defendant Affinity") is now, and at all times mentioned herein was, a corporation duly organized under laws of the State of Pennsylvania, having registered to do business in South Carolina with a registered agent for service of process known as Corporation Service Company

ELECTRONICALLY FILED - 2025 Feb 13 2:22 PM - CHARLESTON - COMMON PLEAS - CASE#2025CP1000813

where it can be served with process at 508 Meeting Street, West Columbia, South Carolina 29169.

3. Defendant Costco Wholesale Corporation (hereinafter referred to as "Defendant Costco") is now, and at all times mentioned herein was, a corporation duly organized under laws of the State of Washington, having registered to do business in South Carolina with a registered agent for service of process known as CT Corporation where it can be served with process at 2 Office Park Court, Suite 103, Columbia, South Carolina 29223.

4. Defendant Carnival Corporation & PLC (hereinafter referred to as "Defendant Carnival") is now, and at all times mentioned herein was, a corporation duly organized under laws of the State of Florida, having registered to do business in South Carolina with a registered agent for service of process known as NRAI Services, Inc. where it can be served with process at 1200 South Pine Island Road, Plantation, Florida 33324.

5. Pursuant to South Carolina's Long Arm Statute, specific and general jurisdiction, as well as the Due Process Clause of the United States Constitution, this Court has jurisdiction over the person and the subject matter, and venue is proper in this Court.

## FACTS

6. Defendant Carnival Cruise is one of the largest cruise lines in the world selling cruise vacations.

7. Defendant Costco is one of the largest public wholesalers with locations in nearly every city in every state in the country with approximately 137 million paid members worldwide who shop regularly at Defendant Costco's locations.

8. Defendant Carnival and Defendant Costco partnered to sell Defendant Carnival's cruise vacations from Defendant Costco's stores, and through its online website through

ELECTRONICALLY FILED - 2025 Feb 13 2:22 PM - CHARLESTON - COMMON PLEAS - CASE#2025CP1000813

misrepresentations to the purchaser that their membership or other affiliation with Defendant Costco entitles the purchaser to a discounted vacation rate.

9. Defendant Costco and Defendant Carnival partnered with Defendant Affinity to offer travel insurance policies for the purchaser's trip by misrepresenting that the Affinity Policy of Insurance (hereinafter, the "Travel Insurance Policy") protected the purchaser from unforeseeable risks, to include another's negligent acts, as more fully set forth therein. (See Travel Insurance Policy attached hereto as Exhibit A).

10. On March 13, 2024, at approximately 4:00 p.m., while leaving Defendant Carnival's ship, Plaintiff tripped on a "A Frame Folding sign" negligently left by Defendant Carnival, or one of its subcontractors, associates, affiliates, or otherwise related entity, directly in the path of the disembarking passengers.

11. When Plaintiff fell forward without notice, she landed with the full force of her body weight catching herself with her arms and there was a snap from the force of her fall. The Plaintiff also suffered injuries to her leg, shoulder, and face as she fell onto the ground beneath her.

12. Plaintiff suffered fractured arms, severe contusions and lacerations on the left side of her face due to the extreme fall on her left side; a fractured left wrist; and other serious injuries to her right knee, right arm and torso.

13. In accordance with the terms of the Travel Insurance Policy, Plaintiff notified Defendant Affinity of the incident and provided the necessary details, completed necessary claim documents, and fully complied with her obligations under the Travel Insurance Policy.

14. On or about September 19, 2024, after Defendants refused to pay for her damages suffered due to their negligence and/or the coverage of the Travel Insurance Policy, Plaintiff sent a demand letter to Defendant Affinity for the limits of the Travel Insurance Policy.

ELECTRONICALLY FILED - 2025 Feb 13 2:22 PM - CHARLESTON - COMMON PLEAS - CASE#2025CP1000813

15. On September 30, 2024, Plaintiff received a letter from Defendant Affinity stating that they were reviewing the matter, but required additional submissions before a final determination could be made.

16. On October 11, 2024, Plaintiff sent subsequent correspondence to Defendant Affinity, advising of Plaintiff's intent to file suit for, amongst other things, their bad faith refusal to pay the proceeds of the Travel Insurance Policy in conjunction with Defendant Affinity and Defendant Costco.

17. On November 6, 2024, Plaintiff received correspondence from Defendant Affinity acknowledging the Travel Insurance Policy and further acknowledging that Plaintiff was entitled to benefits under the Travel Insurance Policy. Defendant Affinity, however, refused to pay the total amount due and owing to Plaintiff under the Travel Insurance Policy.

18. On November 8, 2024, Plaintiff received two checks from Defendant Affinity, one in the amount of $370.65 and a second in the amount of $648.64, representing Defendants' joint attempts to have Plaintiff accept the amounts as a resolution of the claim outlined herein.

19. Defendant Carnival Corporation refused to respond to Plaintiff's correspondence and, upon information and belief, is using Defendant Affinity to shield it from any claims against Defendant Carnival Corporation.

20. Despite Plaintiff's compliance with the law, Defendants refused to tender the limits of the Travel Insurance Policy and other policies; Defendants refused to acknowledge the policy existed and ceased responding to Plaintiff to further evade paying the benefits due to Plaintiff.

21. Upon information and belief, Defendants, acting in concert with one another, sold same or similar policies to Plaintiff Class 1-1,000,000 by making similar misrepresentations, then

5

similarly utilizing the provisions of the Travel Policy to shield Defendants from their own liability after the party is damaged from Defendant Carnival's negligence.

22. Upon information and belief, Defendant Carnival utilizes the policies in coordination with Defendant Affinity and Defendant Costco, who markets and sells the policies, to defraud Plaintiff Class 1-1,000,000, similarly to the allegations of Plaintiff herein.

23. In accordance with applicable South Carolina law, and applicable law in every jurisdiction in this country, Plaintiff and, upon information and belief, Plaintiff Class, complied with the terms of the Travel Insurance Policy, sufficiently identifying the policies as well as the property the Travel Insurance Policy insures, thereby triggering Defendants' obligations under the Travel Insurance Policy, to include payment and compensation to Plaintiff for her damages arising from Defendants' negligence.

### COUNT I – NEGLIGENCE
(Negligence, Gross Negligence, and Strict Liability against Defendant Carnival)

24. Plaintiffs adopts, realleges and incorporates herein by reference the allegations contained in Paragraphs 1-23 of the Complaint as if fully and completely set forth herein.

25. Defendants owed Plaintiff and the general public nondelegable duties of reasonable care for their safety, including:

   a. The duty to safely design, construct and maintain walkways in accordance with industry standards and safety rules;
   b. The duty to maintain walkways and common areas free of hazards and safety code violations that could pose a danger to invitees and others;
   c. The duty to make reasonable inspection of the premises and discovery risks to invitees;
   d. The duty to warn of or eliminate foreseeable unreasonable risks;
   e. The duty to warn of or eliminate known or reasonably knowable hidden dangers on the premises; and

ELECTRONICALLY FILED - 2025 Feb 13 2:22 PM - CHARLESTON - COMMON PLEAS - CASE#2025CP1000813

    f. The duty to prevent others within control of Defendants from causing or creating safety hazards to invitees.

26. Defendants, directly and by and through their agents and employees, negligently, recklessly, and willfully breached their duties of care owed by them to Plaintiff and the general public in one or more of the following ways:

    a. By designing, constructing, and/or maintaining the premises in violation of industry standards and safety rules so that motor vehicles parked unreasonably close to the building with overhangs into the building's walkway;

    b. By designing, constructing, and/or maintaining the premises in violation of industry standards and safety rules so that the walkway surface posed a safety hazard;

    c. In failing to design, construct, and/or maintain the premises in such a way that an invitee would be restricted from encountering a safety hazard;

    d. By allowing or causing liquids and/or cleaning solutions to be poured onto the common area walkway of the premises;

    e. By failing to conduct reasonable periodic inspections of the premises to discover and remove or prevent safety hazards and unsafe practices;

    f. By such other and further acts of negligent, reckless, and willful conduct as will be shown by the evidence produced at trial.

27. No conditions existed at the time of this incident which would have prevented Defendants, in the exercise of due caution and in furtherance of their duty, to provide a safe premises for business invitees and members of the public; from inspecting the condition of the walkway; making necessary corrections or replacements; stopping unsafe practices; and otherwise rendering the walkway safe and fit for use in this public space.

28. Defendants' conduct demonstrated a complete absence of due care and such conduct and failures to act were negligent, grossly negligent, reckless, and constituted willful disregard for the safety of the intended and foreseeable invitees and users of the premises.

29. As a common carrier, Defendant Carnival Corporation is strictly liable for its passengers' damages, including those of Plaintiff, making them liable for all damages suffered through their breach of duty as outlined more fully above.

30. By reason of one or more of the negligent, reckless, careless, and willful acts or omissions of Defendants complained of above, by and through their agents and employees who were at all times set forth acting within the course and scope of their duties to Plaintiff; or by reason of any agency and/or employment and/or contractual or other relationship, and as a direct and proximate result thereof, Plaintiff suffered a fall and sustained injuries, including but not limited to: physical injury, medical expenses, pain, limitations, loss of income, permanent injuries, mental anguish, emotional distress, loss of enjoyment of life, and such other damages as will be shown at trial.

### COUNT II – BREACH OF CONTRACT
### (All Defendants)

31. Plaintiff, and Plaintiff Class, adopt, reallege and incorporate herein by reference the allegations contained in Paragraphs 1-30 of the Complaint as if fully and completely set forth herein.

32. The Plaintiffs purchased a contract from Defendants, which was mutually binding at the time of the incident.

33. Defendants are in breach of contract by failing to fulfill their obligations pursuant to the Travel Insurance Policy, including but not limited to paying Plaintiff's injuries pursuant to the terms of the policy or policies.

### COUNT II – BAD FAITH
### (All Defendants)

34. Plaintiff, and Plaintiff Class, adopt, reallege and incorporate herein by reference the allegations contained in Paragraphs 1-33 of the Complaint as if fully and completely set forth herein.

35. Defendants' refusal to fulfill their obligations under the policy is an unreasonable action in breach of the implied covenant of good faith and fair dealing encompassed in every contract under South Carolina law.

36. Defendants' refusal to respond or acknowledge existence of the policy in response to Plaintiff's notices of claim including the details of the policy with identifying information is:

    a. a misrepresentation of fact;
    b. a misrepresentation as to the existence of coverage;
    c. a misrepresentation of Defendants' knowledge relating to the policy;
    d. a wrongful denial of the claim;
    e. an intentional delay of paying the claim;
    f. a deliberate undervalue of the claim;
    g. a pattern of behavior to limit their payout;
    h. Ignoring evidence that supports the policyholder's basis for making a claim;
    i. Failing to promptly reply to a policyholder's claim; and
    j. Generally acting in bad faith to avoid paying per the terms of the policy.

37. Defendants' lack of response or response with lesser amounts of money for the claims, and refusing to tender benefits under the policy, are:

    a. misrepresentations of fact;
    b. misrepresentations as to the existence of coverage;
    c. misrepresentations of Defendant's knowledge relating to the policy;
    d. wrongful denials of the claim;
    e. an intentional delay of paying the claim;
    f. deliberately undervaluing the claim;
    g. patterns of behavior limiting their payout;
    h. Ignoring evidence that supports the policyholder's basis for making a claim;
    i. Failing to promptly reply to a policyholder's claim; and
    j. Generally acting in bad faith to avoid paying per the terms of the policy.

ELECTRONICALLY FILED - 2025 Feb 13 2:22 PM - CHARLESTON - COMMON PLEAS - CASE#2025CP1000813

38. Defendants' request for more information, refusal to respond, failure to acknowledge the existence of the Travel Insurance Policy, and rejection of benefits are bad faith entitling the Plaintiff to damages, which are not limited by the contract, including but not limited to consequential damages, treble damages, punitive damages and attorney fees.

### COUNT III – NEGLIGENT MISREPRESENTATION
### (All Defendants)

39. Plaintiff, and Plaintiff Class, adopt, reallege and incorporate herein by reference the allegations contained in Paragraphs 1-38 of the Complaint as if fully and completely set forth herein.

40. Defendants made representations to Plaintiff in the form of advertisements, other marketing materials, contracts, and an insurance policy to provide coverage in the event of an accident, injury or other occurrences.

41. Defendants owed a duty of care not to misrepresent information related to the Travel Insurance Policy, not to breach the implied covenant of good faith and fair dealing contained in the Travel Insurance Policy, and not to breach the contractual provisions.

42. Plaintiff justifiably relied on Defendants' misrepresentations regarding their obligations under the Travel Insurance Policy.

43. Plaintiff suffered a pecuniary loss proximately caused by Defendants' actions in failing to comply with their contractual and statutory obligations under the Travel Insurance Policy.

### COUNT IV – FRAUD
### (All Defendants)

44. Plaintiff, and Plaintiff Class, adopt, reallege, and incorporate herein by reference the allegations contained in Paragraphs 1-43 of the Complaint as if fully and completely set forth herein.

ELECTRONICALLY FILED - 2025 Feb 13 2:22 PM - CHARLESTON - COMMON PLEAS - CASE#2025CP1000813

45. Defendants knowingly misrepresented the terms of the Travel Insurance Policy to Plaintiff, with the intent to deceive the Plaintiff regarding the coverage of the Travel Insurance Policy of insurance and induce Plaintiff into signing the contract, as well as to make payments pursuant thereto.

46. Defendants had knowledge of the falsity of the representations at the time they made them and made them with the intent that they be relied on by Plaintiff.

47. Plaintiff, and Plaintiff Class, relied on the representations, which she had a right to rely on, to her detriment.

48. Plaintiff, and upon information and belief, Plaintiff Class, paid for coverage under the Travel Insurance Policy pursuant to the terms of the contract to.

49. Defendant's misrepresentations proximately caused Plaintiffs damages in an amount to be determined by the enlightened conscience of the jury.

### COUNT V – PUNITIVE DAMAGES
### (All Defendants)

50. Plaintiff, and Plaintiff Class, adopt, reallege, and incorporate herein by reference the allegations contained in Paragraphs 1-49 of the Complaint as if fully and completely set forth herein.

51. Defendants' actions in refusing to fulfill their obligations under a mutually binding insurance agreement in bad faith were reckless, willful, and/or wanton entitling the Plaintiff, and upon information and belief, Plaintiff Class, to punitive damages in an amount sufficient to punish and deter future similar conduct.

### COUNT VI – FRAUD IN THE INDUCEMENT
### (All Defendants)

52. Plaintiff, Plaintiff Class, adopt, reallege and incorporate herein by reference the allegations contained in Paragraphs 1-51 of the Complaint as if fully and completely set forth herein.

ELECTRONICALLY FILED - 2025 Feb 13 2:22 PM - CHARLESTON - COMMON PLEAS - CASE#2025CP1000813

53. Defendants made representations to Plaintiff, and upon information and belief, Plaintiff Class, in the form of promises to pay for unforeseeable occurrences such as those suffered by Plaintiff during her vacation.

54. At the time of the representations, Defendants knew the said representations were false, and Defendants made the representations to induce Plaintiff into entering the contract, which Plaintiff, and upon information and belief, Plaintiff Class, justifiably relied upon by purchasing the Travel Insurance Policy.

55. Plaintiff had no knowledge that Defendants did not intend to fulfill their obligations under the Travel Insurance Policy when Plaintiff, and upon information and belief, Plaintiff Class, entered into the contract for such insurance.

56. Plaintiff, and upon information and belief, Plaintiff Class, had a right to rely on the representations of Defendants given Plaintiff, and upon information and belief, Plaintiff Class, entering into a binding agreement that she was providing consideration for in the form of policy payments.

57. Plaintiff, and upon information and belief, Plaintiff Class, were proximately caused damages by Defendants' misrepresentations when Plaintiff, and upon information and belief, Plaintiff Class, relied on their misrepresentations in entering into a contract pursuant to the Travel Insurance Policy terms.

### COUNT VII - BREACH OF CONTRACT ACCOMPANIED BY A FRAUDULENT ACT
**(All Defendants)**

58. Plaintiff adopts, realleges and incorporates herein by reference the allegations contained in Paragraphs 1-57 of the Complaint as if fully and completely set forth herein.

59. Defendants entered into a contract for travel insurance with Plaintiff, and upon information and belief, Plaintiff Class.

60. Plaintiff, and upon information and belief, Plaintiff Class, was fraudulently induced into agreeing to the terms of the Travel Insurance Policy.

61. Defendants' breach of contract was accompanied by the aforesaid fraudulent acts and was the product of Defendants' fraudulent inducement of Plaintiff, and upon information and belief, Plaintiff Class.

## COUNT VIII – CIVIL CONSPIRACY

62. Plaintiff, and Plaintiff Class, adopt, reallege and incorporates herein by reference the allegations contained in Paragraphs 1-61 of the Complaint as if fully and completely set forth herein.

63. Defendants acted in coordination with one or more of the Defendants in violation of the terms of the agreement and/or for the illegal or otherwise wrongful purpose of deceiving the Plaintiff, and upon information and belief, Plaintiff Class.

64. Defendants' actions, in coordination with each other, caused Plaintiff, and upon information and belief, Plaintiff Class, to suffer substantial and special damages including physical and mental damages.

WHEREFORE, Plaintiff respectfully prays to the Cort as follows:

1. That the Court issue judgment against Defendants, jointly and severally, and in favor of Plaintiff, and upon information and belief, Plaintiff Class, in an amount to be determined by the trier of fact.

2. That judgment be entered in favor of Plaintiff against Defendants for breach of contract, bad faith, fraud, civil conspiracy, and all other claims or causes of action alleged by Plaintiff against Defendants, including but not limited to:

    a) The Travel Insurance Policy proceeds;

    b) Treble damages or other Punitive Damage awards to be chosen by Plaintiff or Plaintiffs at the appropriate time;

    c) Attorney fees;

    d) Presumed Damages;

    e) Emotional distress;

    f) Consequential Damages; and

    g) Damages otherwise allowable by applicable law.

3. For further and other relief as the Court deems just and proper.

**THE STEVENS LAW FIRM**

s/*Jason S. Stevens*
Jason S. Stevens
*Attorney for Plaintiff Sharon Jackson*
260 West Coleman Blvd., Ste. D
Mt. Pleasant, South Carolina 29464
(843) 789-3620
jason@jsstevenslaw.com

February 13, 2025
Mount Pleasant, South Carolina

ELECTRONICALLY FILED - 2025 Feb 13 2:22 PM - CHARLESTON - COMMON PLEAS - CASE#2025CP1000813